UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JANIE DIXON,
        Plaintiff,                                :

      v.

COMMERCIAL RECOVERY SYSTEMS INC.       : Civil Action No.:

RAY CLOPP,                                          :
        Defendants.

## COMPLAINT

**A.**    **Jurisdiction and Venue**

1. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**    **Parties**

3. Plaintiff Janie Dixon is a natural person who resides at 1025 Duncan Ave., Yeadon, PA 19050.

4. COMMERCIAL RECOVERY SYSTEMS INC. ("CRS") is a Corporation engaged solely in the business of debt collection or debt buying in the Commonwealth of Pennsylvania with a principal office address of 8035 East R.L. Thornton, Suite 220, Dallas, TX 75357-0909.

5. Defendant RAY CLOPP (hereinafter "Defendant Clopp") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by

15 U.S.C. § 1692a(6).

C. **Factual Allegations**

6. Prior to the events hereinafter described, plaintiff had incurred a debt connected with co-signing for a car loan for a friend, Tim Breeden, with Mitsubishi Motor Credit Corporation [hereinafter "the alleged debt"].

7. Due to her friend defaulting on the car loan and despite the fact that plaintiff never had use or enjoyment of the car, plaintiff made monthly payments towards the debt as she was able.

8. On or about April, 2009, plaintiff had trouble making an agreed monthly payment.

9. Defendant Clopp contacted plaintiff by phone and, in a disrespectful and aggressive tone, advised plaintiff that CRS was going to get a lawyer and garnish her wages.

10. In a second phone call to plaintiff, Defendant Clopp refused plaintiff's request to speak to someone superior to him after Clopp stated to plaintiff, "go borrow the money" and "the federal government wants this money, it's not a car payment anymore."

11. Plaintiff has suffered actual damages in the form of emotional distress, frustration, and sleeplessness, among other negative emotions.

12. The actions of defendants as before described were reckless, outrageous, willful, and outside the boundaries of civilized conduct, thereby inflicting great emotional distress upon plaintiff.

13. Defendant Clopp's actions as outlined above were part of defendant CRS' regular and customary method of doing business.

**D.** **Cause of Action**

### Violations of the FDCPA

14. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Defendants' phone calls were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. Defendants, by their conduct as described above, violated the FDCPA § 1692c(a):

   a) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

   b) §1692e(2)(5)(10), by false legal threats to garnish plaintiff's wages prior to having any judgment upon which to execute and misrepresenting the federal government had any interest in the debt;

   c) §1692f, by use of unfair or unconscionable means to collect the debt by embarrassing plaintiff at his place of work.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A. Statutory damages pursuant to 15 U.S.C. § 1692k;

   B. Actual and compensatory damages for emotional distress suffered as a result of the FDCPA violations and malicious prosecution in an amount to be determined at trial;

   C. Reasonable attorney fees and costs.

Dated: July 21, 2009                    /s/Matthew Weisberg
                                        **PROCHNIAK WEISBERG, P.C.**

Matthew B. Weisberg, Esquire
Attorney Id: 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801


<u>RC 935</u>
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
(215) 351-0200